IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHEKINAH LIGHTSPIRIT,

    Petitioner,

vs.

ROB JEFFREYS,

    Respondent.

8:24CV416

**MEMORANDUM AND ORDER**

    This matter is before the Court on Petitioner's "Motion for Continuance to Supplement Brief and Motion for the Appointment of Counsel" filed on September 24, 2025. Filing No. 23. The entirety of the motion consists of the following: "Comes forth Shekinah Lightspirit with motion for continuance in the above matter, and motion for the appointment of counsel." *Id.* Petitioner filed his brief in response to Respondent's answer and brief simultaneously with his motion, and his brief appears to be complete. See Filing No. 22. Liberally construed, Petitioner appears to request the appointment of counsel so that counsel may file additional briefing on his behalf.

    "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules*

*Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this time. Petitioner has demonstrated he is able to present and argue his claims and has filed a brief responsive to Respondent's answer and brief. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that: Petitioner's "Motion for Continuance to Supplement Brief and Motion for the Appointment of Counsel," Filing No. 23, is denied without prejudice to reassertion.

Dated this 1st day of October, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge